# CHITTENDEN COUNTY.

## January Term, 1839.

Present, Hon. CHARLES K. WILLIAMS, Chief Justice.
    "   JACOB COLLAMER,        ⎫
    "   ISAAC F. REDFIELD,     ⎬ *Assistant Justices.*
    "   MILO L. BENNETT.       ⎭

## Justus Burdick *v.* Champlain Glass Company.

Where an issue of fact is tried by the court, if the evidence, and the inferences which the court might draw from the evidence, are not sufficient in law to warrant a recovery, it is error to render a judgment for the plaintiff on such testimony.

A corporation are not liable to an action for money paid, unless it was paid at their request, by direction of their authorized agent, or for their benefit.

This case came up from the county court, on the following bill of exceptions :

" This was an action of assumpsit; plea, general issue, " and trial by the court. Plaintiff, among other things, " gave evidence tending to show that on the     day of " Nov. 1834, he paid to one Sewell $143,00, but showed " no authority from the company for the payment except in " the following manner : Sewell had subscribed for stock " in the company, under some agreement that he was to be " let off and the money refunded, if he chose. He elected " to have the money refunded, and a number of the stock- " holders divided the sum between them, and paid it, which " was done with the concurrence of the officers and di- " rectors of the company, and the plaintiff, under this ar- " rangement, paid his dividend, being said sum of $143,00.

CHITTENDEN,
January,
1839.
———
Burdick
v.
Champlain
Glass Comp.

"The defendant objected that this evidence would not "warrant a recovery, but the court rendered judgment for "the same, to which the defendant excepted."

*C. Adams,* for defendant.

Sewell was not a creditor of the company, and could enforce no claim against the company as such. It does not appear what were the terms of the agreement, by which he was to be "let off," nor with whom. But as the subscription for the stock must have preceded the formation of the company, the company could not have been a party to the agreement. There was, therefore, no claim against the company, which Sewell could have enforced. Nor was there any request made, nor authority given, by the corporation, for the payment of the money now claimed by the plaintiff. The request, if any, was that of individual members of the company. The sum paid was divided amongst themselves. Their stock was increased in amount and value by the transaction, and the whole matter was a private one, and involved no corporate vote or act whatever.

*Lyman & Marsh,* for plaintiff.

1. The payment to Sewell, being the fulfilment of the contract of the company, by one having a privity of interest, is a good ground of action, though made without special authority. *Shaw* v. *Loud,* 12 Mass. 447.

2. The concurrence and assent of the officers and directors of the company, though not expressed by a recorded vote, is a sufficient authority, if any be necessary. *Bank of Columbia* v. *Patterson Admr.* 2 Peters' Cond. R. 501. *Dunn* v. *the Rector,* &c. 14 J. R. 118.

3. If the plaintiff cannot recover in this action, there will be a defect of justice, he being otherwise remediless; for the case shows that the payment was not made by all the stockholders, and so the burden has not been equalized by apportionment, and clearly he can have no action for contribution against his fellow corporators.

WILLIAMS, Ch. J.—The case was tried in the county court on an issue joined to the court. The whole evidence, on which the court rendered judgment, is stated, and if not sufficient in law to warrant a recovery, the court erred in rendering judgment for the plaintiff. To maintain this action for the money paid to Sewell, it should appear that it

was paid at the request of the company, by direction of their authorized agent, or that it was paid for their benefit; neither of which appears from the evidence detailed. It is of some importance to know by whom the agreement with Sewell was made. If it was not with the defendants, they were under no obligation to perform it. It is not stated or found that the agreement was made by the defendants, or for their benefit. They were under no obligation to perform it, were not indebted to Sewell, and, of consequence, were not indebted to the plaintiff who paid Sewell, unless they authorized or requested the payment.

The consent of the officers and directors of the company that a part of the stockholders should pay Sewell, as stated in the exceptions, does not create any liability on the defendants; as it does not appear that the officers and directors requested or authorized the payment on account of the company or on their responsibility. Nor does it appear that they ever were empowered so to do by any regulations or acts of the corporation. The defendants were correct in the position they took in the court below, that the evidence would not warrant a recovery.

The several persons, who paid the money to Sewell, may be equitably entitled to the stock owned by him, but are in no better situation than the other stockholders, who, it is to be presumed, cannot maintain an action against the company for the amount they subscribed and paid for the stock.

The judgment of the county must therefore be reversed, and a new trial awarded.