After advisement, the following opinion was delivered:
By the Chancellor.
Where a cause is referred, the parties do not lose the right to review upon a writ of error any erroneous decision of the referees in matters of law, to the same extent and substantially in the same manner as if the action was tried before a court and jury- But as the referees are the substitutes both for the court and jury, and decide questions of fact as well as of law, the court for the correction of errors is not authorized to reverse the decision of the supreme court confirming the report of referees *187 as to questions of fact merely, even if this court should be of opinion, that the weight of evidence was decidedly the other way. In reviewing the report of the referees, the supreme *court acts in the [ *245 ] double capacity of a court of errors, to correct erroneous decisions of the referees in matters of law, and as a court in the first instance having power to direct a re-hearing in its discretion, if the justices of that court think the weight of evidence was against the decision of the referees. In the first case, the appeal to the court in which the reference was pending, is in the nature of a bill of exceptions, to the decision of a circuit judge upon matters of law ; and in the last, it is in the nature of an application for a new trial upon a case made, on the ground that the jury has given a verdict which was against the weight of evidence.
It follows from this view of the constitution of this special tribunal, that whenever a decision is made by the referees which would have been a proper subject for a bill of exceptions if the trial was before a court and jury, the party against whom such decision was made, -if he actually objected to the same at the time, so as to bring the question distinctly before the referees as a matter of law, may avail himself of it on a writ of error, in the same manner and to the same extent as he could have done upon a bill of exceptions in an ordinary case ; and where the whole evidence on the part of the plaintiff in the cause, uncontradicted and unexplained, is entirely insufficient in point of law, to authorize the referees to report in his favor, as to the whole, or as to any distinct and separate item of his claim, if the referees allow the same, notwithstanding such objection, it is an error in law, for which the report should be set aside. In such a case, if the court in which the reference is pending, upon a special report of the facts, errs in refusing to set aside or modify the report of the referees, this court has jurisdiction to review and correct the erroneous decision. The decision in the case of Burdick v. The Champlain Glass Company, in the state of Vermont, where the court in certain cases is substituted for the jury to try questions of fact, as well as to settle and decide legal questions which properly belong to a court, is analagous in principle. See 11 Verm. Rep. 19. And this court, upon that ground', in the case of Gilchrist and others v. Hendricks and Smyth, at the the present term, reversed a judgment on the report of referees, where it appeared *from the report that [ *246 ] they had decided that the defendants were liable as partners, without sufficient evidence to authorize the referees in point of law to draw the inference that the defendants were copartners in relation to the subject matter of the contract for which the suit was brought.*
*188 In this case, however, the question whether the parties entered into the agreement, as claimed by the plaintiffs in the court below, was submitted to the referees upon the conflicting evidence of the witnesses in relation thereto ; or rather, upon evidence which legally authorized the referees to draw the inference that both parties understood such an agreement to have been made between them ; and if the cause had been tried before a jury, it would have been erroneous for the circuit judge to have refused to submit this question of fact to the consideration of the jury upon the evidence thus adduced before the referees. Without expressing any opinion, therefore, as to the weight of evidence, which we have nothing to do with on this writ of error, although it was a proper subject of consideration in the court below upon an application for a re-hearing or new trial, I am satisfied we have no right to reverse the judgment upon the ground assumed in the first point of the plaintiff in error.
His second point is equally untenable; as there was a sufficient consideration to support the agreement. The plaintiffs in the court below were the assignees of the interest of a living partner, and as such had the same right, both at law and in equity, in the co-partnership effects and prop- [ *247 ] ertv of every description, as that partner would have had if *the assignment had not been made ; but they were not responsible personally for the payment of any debts of the firm, except so far as the effects of the co-partnership might come to their hands by virtue of that assignment. Under such circumstances, they agreed to relinquish to L. Mersereau the exclusive control of the debts due to the firm, and to make certain advances, and assume responsibilities for debts of the firm, without reserving any right to demand restitution from him, in case it should finally appear that the partnership effects were insufficient to pay all the debts of the firm, including such advances and the balance due to L. Mersereau himself from the copartnership, as ascertained at the time of the agreement. So far as I can discover, the only equivalent they- were to receive for the rights thus relinquished, and the responsibilities assumed by them under the agreement, was the stipulation by the other party to proceed in the collection and securing of the debts due to the firm, and to be personally responsible for such debts as he should not have brought suits for, by the first of February thereafter. This may have been an unwise and ■ indiscreet bargain on his *189 part, unless the debtors were all in the neighborhood, so that suits might be commenced against them within the time prescribed : but certainly it was not wanting in a valid consideration to support it. This view of the case also disposes of the plaintiff’s third point.
There, was no contract for the sale of goods or of choses in action in this case, either within the letter or the spirit of the third section of the title of the Revised Statutes relative to fraudulent conveyances and contracts as to personal property and choses in action. 2 R. S. 136. Nor was it an agreement to answer for the debt, default or miscarriage of another person, within the meaning of the second subdivision of the* second section of the same title. That subdivision relates to contracts or agreements made with the person to whom the debt is due or to become due, to answer for the debt, default or miscarriage of his debtor; and not to contracts made with the debt- or himself to assume the responsibility of paying his debts, or to furnish him the means of paying them, founded upon a valid consideration between *such debtor and the person promising. See Eastwood [ *248 ] v. Kenyon, Queen’s Bench, East. term, 1840, 4 Lond. Jurist, 1081. Whether the creditor himself can recover upon such a promise made to his debtor by a third person, is a question which does not arise, and which it is not necessary now to consider.
The evidence did not show that the detention of the books and papers for a limited period after the making of the agreement, prevented the plaintiff in error from performing it on his part, so as to entitle him to repudiate that agreement altogether ; and the fact that he afterwards acted under the agreement in requiring the adverse parties to pay the half of the debts they had assumed the payment of, shows that he did not in fact so repudiate it. The other objections to the report do not appear to have been raised before the referees in such a form as to authorize us to say they erred in point of law, as to any of the items allowed; nor is the evidence in relation to those matters so stated in the report, as to enable a tribunal having the right to grant a re-hearing on the ground that the report was against the weight of evidence, to say whether there was any probable mistake in point of fact. For these reasons I think the judgment of the supreme court should be affirmed.
On the question being put, shall this judgment he reversed ? all the members of the court present who had heard the case argued, with two exceptions, answered in the negative.
Whereupon the judgment of the supreme court was affirmed.

 One of the points made by the counsel for the defendants in error, in the case of Gilchrist and others v. Hendricks and Smyth, was that the court for the correction of errors has no power or jurisdiction to revise the verdict of a jury, or a report of referees, upon the *188 mere question of the weight of evidence, citing Feeter v. Henth, 11 Wendell, 481. Mr. Justice Cowen, who delivered the opinion in the supreme court, on refusing to set aside the report in this case, observed, “ The questions made by the defendants arise merely upon the weight of evidence,” and “ the preponderance is not so strongly against the report, that I feel warranted in disturbing it.” The Chancellob, in delivering his opinion for a reversal of the judgment, said, alluding to the opinion delivered in the supreme court, that this case was not like that of Feeter v. Heath. There the court were called upon to pass upon the weight of evidence; here the question is the same as on a motion for a non-suit at the trial of a cause.